IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. **3:08CR261**

**BRYAN O'NEAL CASEY,**

Petitioner.

**MEMORANDUM OPINION**

Bryan O'Neal Casey, a federal inmate filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 31) arguing that his firearm conviction and sentence are invalid under *Johnson v. United States*, 576 U.S. 591 (2015). The Government has responded that Casey's claim lacks merit.[1] For the reasons discussed below, the § 2255 Motion will be DENIED

**I. Pertinent Factual and Procedural History**

On June 3, 2008, Casey was charged with aiding and abetting another individual in the crime of interference with commerce by threats and violence ("Hobbs Act robbery") by robbing a person on March 4, 2008 (Count One); aiding and abetting another individual while using, carrying, and brandishing a firearm in furtherance of a crime of violence, to wit, the crime charged in Count One (Count Two); and possession of a firearm by a convicted felon (Count Three). (ECF No. 1, at 1–2.)

On October 14, 2008, pursuant to a plea agreement, Casey pled guilty to Counts One and Two of the Indictment and the Government agreed to dismiss Count Three. (ECF No. 20, at 1,

---

[1] The Government's motion for an extension of time to respond to the § 2255 Motion (ECF No. 36) will be GRANTED and the Government's Response (ECF No. 37) will be DEEMED timely.

11.) On January 13, 2009, the Court sentenced Casey to 84 months on Count One and 84 months on Count Two, to be served consecutively. (ECF No. 28, at 2.)

In his § 2255 Motion, Casey contends that the decision in *Johnson* invalidates his conviction and sentence for Count Two.

## II. Analysis

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 576 U.S. at 606.[2] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

Casey contends that after *Johnson*, the offense of aiding and abetting Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Two must be vacated. Although Casey was not sentenced pursuant to ACCA, he

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

2

suggests that the Residual Clause of § 924(c) is materially indistinguishable from the ACCA Residual Clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

Until recently, the United States could demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in *United States v. Davis*, 139 S. Ct. 2319, 2339 (2019). However, Hobbs Act robbery remains a qualifying crime of violence under the Force Clause. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (citations omitted) (holding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). Thus, Casey's claim lacks merit.

Lastly, the Court notes that the Fourth Circuit's decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Casey's § 924(c) conviction is predicated on a valid crime of violence under the Force Clause of § 924(c)(3)(A). In *Simms*, the

3

defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236.

Unlike conspiracy to commit Hobbs Act robbery, the crime of Hobbs Act robbery itself and aiding and abetting that offense is a crime of violence under the Force Clause because it invariably requires the actual or threatened use of physical force. *See United States v. Brayboy*, 789 F. App'x 384, 385 (4th Cir. 2020); *Salaam v. United States*, Nos. 4:05–cr–01216-RBH-1, 4:16–cv–02248–RBH, 2019 WL 2269932, at *1–3 (D.S.C. May 28, 2019) (finding Hobbs Act robbery and aiding and abetting the same to be a crime of violence under the force clause). Accordingly, Casey's claim pursuant to *Johnson* lacks merit and will be DISMISSED.

The § 2255 Motion (ECF No. 31) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 30 October 2020
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge